

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN THE MATTER OF THE EXTRADITION          Misc. No. H: 15-222-M
OF GANG LUAN

_____/

### MEMORANDUM OF LAW IN SUPPORT OF EXTRADITION

On February 26, 2015, the United States filed an initial complaint for the extradition of

Gang Luan (hereinafter "Luan"), at the request of the Government of the Government of the

Hong Kong Special Administrative Region of the People's Republic of China (HKSAR),

hereinafter "Hong Kong", pursuant to the Extradition Treaty between the United States and the

Government of Hong Kong for the Surrender of Fugitive Offenders, U.S.-H.K., Dec. 20, 1996, S.

TREATY DOC. NO. 105-3 (1997).  In this matter, the United States acts on behalf of the Hong

Kong government in accordance with United States' treaty obligations.

Hong Kong has submitted a formal request for Gang Luan's arrest, extradition and

surrender, supported by appropriate documents, to the United States Department of State.  By

statute, this Court must hold a hearing to consider the evidence of criminality presented by Hong

Kong and to determine whether it is "sufficient to sustain the charge under the provisions of the

proper treaty or convention." 18 U.S.C. § 3184.[a]  If the Court finds the evidence sufficient, it

must "certify the same" to the Secretary of State, who decides whether to surrender the fugitive

"according to the treaty."  *Id.*[1]

---

[1] After the Court has completed its "limited inquiry, the Secretary of State conducts an
independent review of the case to determine whether to issue a warrant of surrender." *Martin v.
Warden, Atlanta Penitentiary*, 993 F.2d 824, 829 (11th Cir. 1993).  "The Secretary exercises
broad discretion and may properly consider myriad factors affecting both the individual
defendant as well as foreign relations, which the extradition magistrate may not." *Id.*

As summarized in the complaint, Luan is wanted by Hong Kong for conspiracy to deal with property known or believed to represent proceeds of an indictable offense, in violation of sections 159A and 159C of the Crimes Ordinance, Chapter 200, and section 25(1) of the Organized and Serious Crimes Ordinance, Chapter 455, Laws of the HKSAR.   Because an extradition hearing is not a criminal or civil proceeding, but is *sui generis,* the government offers this memorandum setting out the legal principles that govern the hearing to be held pursuant to 18 U.S.C. § 3184.   While extradition law is an area of law unto itself, nevertheless, the Supreme Court has expounded on many of the questions over the years and has settled a number of those principles.

## I.   THE ROLE OF THE EXTRADITION JUDGE IS LIMITED

Extradition is primarily an executive responsibility with a specially defined role for a judicial officer, who is authorized by statute to determine whether to certify to the Secretary of State that the submitted evidence is "sufficient to sustain the charge." 18 U.S.C. § 3184.   The Secretary of State, and not the court, makes the decision regarding whether the fugitive should be surrendered to the requesting country. 18 U.S.C. §§ 3184, 3186; *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828 (11th Cir. 1993); *Lo Duca v. United States,* 93 F.3d 1100, 1110 n.10 (2d Cir. 1996).   The Executive Branch remains primarily responsible for extradition, while the extradition judge is assigned the limited duty of determining the sufficiency of the request under the applicable treaty provisions. *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 821, 828-829 (11th Cir. 1993).   That judicial function is carried out by conducting the hearing pursuant to Title 18, U.S.C., Section 3184.

At the hearing, the court should consider the evidence presented on behalf of the requesting country and determine whether the legal requirements for certification, as defined in

the treaty, statutes and case law, have been established.  If any explanatory evidence is offered

by the fugitive, the court rules on its admissibility.  Once the evidentiary record is complete, the

court should make written findings of fact and conclusions of law as to each of the elements for

certification, including separate findings for each offense as to which extradition is sought.

*Shapiro v. Ferrandina*, 478 F.2d 894 (2d Cir. 1973), cert. dismissed, 414 U.S. 884 (1973).  If the

court certifies the evidence to the Secretary of State, the court must commit the fugitive to the

custody of the United States Marshal to await the further determination by the Secretary

regarding surrender to the representatives of the requesting state.  The court provides its

certification to the Secretary of State together with a copy of the evidence and a transcript of any

testimony presented at the hearing.  18 U.S.C. § 3184; *see Ordinola v. Hackman*, 478 F.3d 588,

597 (4th Cir. 2007), *cert. denied*, 128 S.Ct. 373 (2007).[b]  The decision of whether to surrender

the fugitive to the requesting country rests with the Executive Branch, specifically with the

Secretary of State.

In fulfilling its function under Section 3184, the judicial officer should liberally construe

the applicable extradition treaty in order to effect its purpose, namely, the surrender of fugitives

to the requesting country.  *Valentine v. United States ex rel. Neidecker*, 299 U.S. 5, 14 (1936);

*Factor v. Laubenheimer*, 290 U.S. 276, 301 (1933).[c]  In discussing the application of this rule,

the District Court for the Southern District of Florida in *McElvy v. Civiletti*, 523 F. Supp. 42, 47

(S.D. Fla. 1981), wrote:

> [A] narrow and restricted construction is to be avoided as not consonant with the
> principles deemed controlling in the interpretation of international agreements.
> Considerations which should govern the diplomatic relations between nations, and
> the good faith of treaties, as well, require that their obligations should be liberally
> construed so as to effect the apparent intentions of the parties to secure equality
> and reciprocity between them. [citations omitted].

In order to carry out a treaty obligation, the treaty "should be construed more liberally than a criminal statute or the technical requirements of criminal procedure," *Factor v. Laubenheimer,* 290 U.S. 276, 298 (1933). This country does not expect foreign governments to be versed in our criminal laws and procedures. *Grin v. Shine,* 187 U.S. 181, 184 (1902). Thus, "[f]orm is not to be insisted upon beyond the requirements of safety and justice." *Fernandez v. Phillips,* 268 U.S. 311, 312 (1925), *cited in Yapp v. Reno,* 26 F.3d 1562, 1565 (11th Cir. 1994).

Statements by the United States Department of State as to interpretation of treaties should be given great weight by the court. *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 168 (1999); *Sumitomo Shoji America, Inc. v. Avagliano,* 457 U.S. 176, 184-185 (1982) ("Although not conclusive, the meaning attributed to treaty provisions by the Government agencies charged with their negotiation and enforcement is entitled to great weight.").[d]

## II.     THE REQUIREMENTS FOR CERTIFICATION ARE WELL-SETTLED

An extradition certification is in order where:  (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the court has jurisdiction over the fugitive; (3) the applicable treaty is in full force and effect; (4) the crimes for which surrender is requested are covered by the applicable treaty; and (5) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought. *Fernandez v. Phillips,* 268 U.S. 311, 312 (1925), *cited in Yapp v. Reno,* 26 F.3d 1562, 1565 (11th Cir. 1994); *Hill v. United States,* 737 F.2d 950, 951 n.1 (11th Cir. 1984).[e]

### A.  Authority of the Court Over the Proceedings

The extradition statute authorizes proceedings to be conducted by "any justice or judge of the United States, or any magistrate judge authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State."  Consequently, both

magistrate judges and district judges may render a "certification" under Section 3184. *See Austin v. Healey,* 5 F.3d 598, 601-602 (2d Cir. 1993) (magistrate had authorization to conduct the extradition hearing without specific delegation of authority), *cert. denied,* 510 U.S. 1165 (1994); *Ward v. Rutherford,* 921 F.2d 286, 287 (D.C. Cir. 1990) (both statute and local rule made plain magistrate's authority to conduct extradition hearing); *Jimenez v. Aristeguieta,* 311 F.2d 547, 553-555 (5th Cir. 1962) (any judicial officer in class authorized by statute may conduct extradition hearing), *cert. denied,* 373 U.S. 914 (1963).

### B. Jurisdiction Over the Fugitive

It is also well settled that the court has jurisdiction over a fugitive found within its jurisdictional boundaries. 18 U.S.C. § 3184 (court "may, upon complaint made under oath, charging any person found within his jurisdiction, . . . issue [its] warrant for the apprehension of the person so charged"). *Pettit v. Walshe,* 194 U.S. 205, 219 (1904); *Grin v. Shine,* 187 U.S. 181 (1902); *In re Pazienza,* 619 F. Supp. 611 (S.D.N.Y. 1985).[f]

### C. Treaty in Full Force and Effect

The extradition statute, 18 U.S.C. § 3184, provides for extradition in instances in which a treaty or convention is in force between the requesting state and the United States. *See, e.g., In re Chan Kam-Shu,* 477 F.2d 333 (5th Cir. 1973), *cert. denied,* 414 U.S. 847 (1973).[g] In this case, the government has provided a declaration from Virginia P. Prugh, an attorney in the Office of the Legal Adviser for the Department of State, attesting that there is a treaty in full force and effect between the United States and Hong Kong. Again, the Department of State's determination is entitled to deference from the court. *Terlinden v. Ames,* 184 U.S. 270, 288 (1902); *Kastnerova v. United States,* 365 F.3d 980, 985-987 (11th Cir. 2004), *cert. denied,* 541

U.S. 1090 (2004); *United States ex rel. Saroop v. Garcia*, 109 F.3d 165, 171 (3d Cir. 1997);

*Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996).[h]

### D. Crimes Covered by the Treaty

Extradition treaties create an obligation for the United States to surrender fugitives under

the circumstances defined in the treaty.  The treaty applicable in this case provides for the return

of fugitives charged with or convicted of an "extraditable offense" as that term is defined under

the treaty.  The documents submitted by the requesting state establish that the fugitive has been

charged with conspiracy to deal with property known or believed to represent proceeds of an

indictable offense, in violation of sections 159A and 159C of the Crimes Ordinance, Chapter

200, and sections 25(1) of the organized and Serious Crimes Ordinance, Chapter 200, and

section 25(1) of the Organized and Serious Crimes Ordinance, Chapter 455, Laws of the

HKSAR.

When, as here, the treaty contains a list of extraditable offenses, the court should examine

the conduct described in the extradition documents and decide whether it constitutes an offense

among those listed. *Factor v. Laubenheimer*, 290 U.S. 276 (1933).  In determining whether an

offense for which extradition is requested is among those listed in the relevant treaty, "a narrow

and restricted construction is to be avoided as not consonant with the principles deemed

controlling in the interpretation of international agreements.  Considerations which should

govern the diplomatic relations between nations, and the good faith of treaties, as well, require

that their obligations should be liberally construed so as to effect the apparent intention of the

parties to secure equality and reciprocity between them.  For that reason, if a treaty fairly admits

of two constructions, one restricting the rights which may be claimed under it, and the other

enlarging it, the more liberal construction is to be preferred." *Id.* at 293-294.

Consequently, the court should examine the description of criminal conduct provided by Hong Kong in support of its charge and decide whether that conduct would have been criminal under U.S. law, if committed in this country.  A requesting country is not obliged to produce evidence on all elements of a criminal offense nor to establish that its crimes are identical to ours. *Kelly v. Griffin*, 241 U.S. 6, 15 (1916)[i].

The Supreme Court noted in *Collins v. Loisel,* 259 U.S. 309 (1922), that dual criminality is not a technical concept involving a comparison of elements of the two countries' offenses:

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries.  It is enough if the *particular act* charged is criminal in both jurisdictions.
> 259 U.S. at 312 (emphasis added); *accord Gallo-Chamorro v. United States,* 233 F.3d

1298, 1307 (11th Cir. 2000), *cert. denied,* 516 U.S. 811 (1995); *United States v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996)[j].

Dual criminality is established if the conduct involved in the foreign offense would be criminal under either U.S. federal law, the law of the state in which the hearing is held, or the law of a preponderance of the states. *Cucuzzella v. Keliikoa*, 638 F.2d 105, 107-108 (9th Cir. 1981)[k]. The court should "approach challenges to extradition with a view toward finding the offense within the treaty," *McElvy v. Civiletti*, 523 F. Supp. 42, 48 (S.D. Fla. 1981), "because extradition treaties should be interpreted with a view to fulfil our just obligations to other powers." *Grin v. Shine*, 187 U.S. 181, 184 (1902).  Foreign governments should not be expected to be versed in our criminal laws and procedures. *Id. at* 184-185.  Luan's criminal activity in Hong Kong, had it occurred in the United States, would be subject to prosecution under the U.S. tax code.

## E.  Probable Cause that the Fugitive has Committed the Offenses

The standard of proof to find the evidence "sufficient to sustain the charge . . ." pursuant to Section 3184 is the familiar domestic requirement of probable cause.  The court must conclude there is probable cause to believe that the crime charged by Hong Kong was committed and the person before the court committed it.  *Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006); *Sindona v. Grant*, 619 F.2d 167 (2d Cir. 1980)[1].  The evidence is sufficient and probable cause is established if a person of ordinary prudence and caution can conscientiously entertain a reasonable belief in the probable guilt of the accused.  *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).  The Supreme Court stated in *Benson v. McMahon*, 127 U.S. 457, 463 (1888), that:

> the proceeding before the commissioner is not to be regarded as in the nature of a final trial by which the prisoner could be convicted or acquitted of the crime charged against him, but rather of the character of those preliminary examinations which take place every day in this country before an examining or committing magistrate for the purpose of determining whether a case is made out which will justify the holding of the accused, either by imprisonment or under bail, to ultimately answer to an indictment, or other proceeding, in which he shall be finally tried upon the charge made against him.

*See also Collins v. Loisel*, 259 U.S. 309, 316 (1922) ("The function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction."); *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925) ("Competent evidence to establish reasonable grounds is not necessarily competent evidence to convict.").  *Accord, Afanasjev v. Hurlburt*, 418 F.3d 1159, 1165 n.11 (11th Cir. 2005), cert. denied, 546 U.S. 993 (2005); *Barapind v. Enomoto*, 400 F.3d 744, 752 (9th Cir. 2005); *Sidali v. I.N.S.*, 107 F.3d 191, 199 (3d Cir. 1997), cert. denied, 522 U.S. 1089 (1998).

## III. EXTRADITION IS SUI GENERIS AND FOLLOWS UNIQUE PROCEDURES

### A.      An Extradition Hearing Is Not a Criminal Proceeding

The extradition hearing prescribed by 18 U.S.C. § 3184 is unique in nature. *See, e.g., Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828 (11th Cir. 1993); *Jhirad v. Ferrandina*, 536 F.2d 478, 482 (2d Cir. 1976) (extradition is *sui generis*), *cert. denied,* 429 U.S. 833 (1976).  As described in *Jhirad*, an extradition hearing is *sui generis*, meaning its own type of case, with its structure and process defined by statute and treaty.  *Id.*  An extradition hearing is not a criminal proceeding; its purpose is to decide the sufficiency of the charge under the treaty, not guilt or innocence.  *Neely v. Henkel*, 180 U.S. 109, 123 (1901); *Benson v. McMahon*, 127 U.S. 457, 463 (1888); *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1165 n.11 (11th Cir. 2005), *cert. denied,* 546 U.S. 993 (2005)[m]. The limited nature of the hearing has resulted in special procedural and evidentiary rules that apply.  For example, the person whose extradition is sought is not entitled to the rights available in a criminal trial.  *Neely v. Henkel,* 180 U.S. 109, 122 (1902) (rights available to one charged with criminal offense in this country not applicable to offenses committed outside the United States against the laws of another country); *accord, Charlton v. Kelly*, 229 U.S. 447, 461 (1913); *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 829 (11th Cir. 1993)[n].  The purpose of an extradition hearing under § 3184 is not to try the underlying charge.  That is for the foreign court.  *Neely v. Henkel*, 180 U.S. 109, 123 (1901).

The Federal Rules of Criminal Procedure do not apply to extradition proceedings.  Rule 1(a)(5) states: "These rules are not applicable to extradition and rendition of fugitives."  The Federal Rules of Evidence are also inapplicable.  Rule 1101(d)(3) provides: "The rules (other than with respect to privileges) do not apply . . . [to p]roceedings for extradition or rendition."  *See Afanasjev v. Hurlburt*, 418 F.3d 1159, 1164-1165 (11th Cir. 2005), *cert. denied,* 546 U.S.

993 (2005); *Melia v. United States*, 667 F.2d 300 (2d Cir. 1981); *Greci v. Birknes*, 527 F.2d 956

(1st Cir. 1976).[1]  Moreover, the fugitive has no right to discovery, *Prasoprat v. Benov*, 421 F.3d

1009, 1014 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006); *Koskotas v. Roche*, 931 F.2d

169, 175 (1st Cir.1991); *Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984)[o];  Moreover,

the fugitive has no right to discovery, *Prasoprat v. Benov*, 421 F.3d 1009, 1014 (9th Cir. 2005),

*cert. denied*, 546 U.S. 1171 (2006); *Koskotas v. Roche,* 931 F.2d 169, 175 (1st Cir.1991);

*Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984)[p]; he has no right to cross examine

witnesses who might testify at the hearing, *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1407 (9th

Cir. 1988), *cert. denied*, 490 U.S. 1106 (1989); *Messina v. United States,* 728 F.2d 77, 80 (2d

Cir. 1984)[q]; his right to present evidence is severely limited, *Messina v. United States,* 728 F.2d

77, 80 (2d Cir. 1984)[r]; there is no Sixth Amendment right to a speedy trial, *Yapp v. Reno*, 26

F.3d 1562, 1565 (11th Cir. 1994); *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 829

(11th Cir. 1993); *Sabatier v. Dabrowski*, 586 F.2d 866, 869 (1st Cir. 1978)[s], the Fifth

Amendment guarantee against double jeopardy does not apply to successive extradition

proceedings, *Collins v. Loisel,* 262 U.S. 426, 429 (1923); *Matter of Extradition of McMullen*,

989 F.2d 603, 612-613 (2d Cir. 1993), *cert. denied*, 510 U.S. 913 (1993)[t]; the exclusionary rule

is not applicable, *Romeo v. Roache,* 820 F.2d 540, 545 (1st Cir. 1987); *Simmons v. Braun*, 627

F.2d 635, 636-637 (2d Cir. 1980)[u]; and the defendant does not have the right to confront his

accusers, *Bingham v. Bradley,* 241 U.S. 511, 517 (1916).

**B.     Extradition Hearings Rely on Written Submissions and Do Not Require Live
Witnesses**

A certification of extradition may be and typically is based entirely on the

authenticated documentary evidence and information provided by the requesting government.

*See, e.g., Bovio v. United States*, 989 F.2d 255, 259-261 (7th Cir. 1993) (Swedish investigator's

statement sufficient to establish probable cause); *Eain v. Wilkes*, 641 F.2d 504, 509-511 (7th Cir.

1981), *cert. denied*, 454 U.S. 894 (1981) (sworn statement of cooperator, corroborated by police

officer affidavit and affidavit of second civilian witness sufficient); *O'Brien v. Rozman*, 554 F.2d

780, 783 (6th Cir. 1977); *Shapiro v. Ferrandina*, 478 F.2d 894, 902-903 (2d Cir. 1973), *cert.

dismissed*, 414 U.S. 884 (1973); *Matter of Extradition of Mainero*, 990 F. Supp. 1208, 1212-

1213 (S.D. Cal. 1997) (statements of co-conspirators and other witnesses sufficient in extradition

to Mexico for murder); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1433-1434 (S.D. Fla.

1993) (documents and statements sufficient for extradition to Honduras), *aff'd*. 28 F.3d 116 (11th

Cir. 1994); *In re Edmonson*, 352 F. Supp. 22, 24 (D. Minn. 1972). The finding may also be

based upon written statements by the foreign prosecutor or judge summarizing the evidence.

*Rice v. Ames*, 180 U.S. 371, 375-376 (1901); *accord Glucksman v. Henkel*, 221 U.S. 508, 513-

514 (1911).

       The federal statute and the applicable treaty govern both the nature of and the

admissibility of the evidence at an extradition hearing.   Section 3190 provides that "properly

and legally authenticated" documentary evidence including "depositions, warrants, or other

papers or copies thereof *shall be admitted.*" *See* 18 U.S.C. § 3190 (*emphasis added*)[2].  *See

Afanasjev v. Hurlburt*, 418 F.3d 1159, 1164 (11th Cir. 2005), *cert. denied*, 546 U.S. 993 (2005);

*see also Collins v. Loisel*, 259 U.S. 309, 313 (1922)ʸ.  Proof that the authentication is proper and

legal exists if the documents are accompanied by the certificate of an appropriate U.S. diplomatic

or consular officer in the requesting country attesting that the documents would be admissible for

---

[2] "Depositions, warrants or other papers or copies thereof offered in evidence upon a hearing of
any extradition case shall be received and admitted as evidence on such hearing for all purposes
of such hearing if they shall be properly and legally authenticated so as to entitle them to be
received for similar purposes by the tribunals of the foreign country from which the accused
party shall have escaped, and the certificate of the principal diplomatic or consular officer of the
United States resident in such foreign country shall be proof that the same, so offered, are
authenticated in the manner required." 18 U.S.C. § 3190.

similar purposes in that country. 18 U.S.C. § 3190. The documents filed in this case are accompanied by a certification s attesting to the authenticity of the foreign official's signature.

Extradition treaties do not require or even anticipate the testimony of live witnesses at the hearing because to do so "would defeat the whole object of the treaty." *Yordi v. Nolte*, 215 U.S. 227, 231 (1909); *see also Bingham v. Bradley*, 241 U.S. 511, 517 (1916); *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1163-1165 (11th Cir. 2005), *cert. denied*, 546 U.S. 993 (2005); *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986); *Shapiro v. Ferrandina*, 478 F.2d 894, 902 (2d Cir. 1973), *cert. dismissed*, 414 U.S. 884 (1973)[w]. Hearsay evidence is admissible at extradition hearings and fully supports the court's findings leading to a certification under Section 3184. *Collins v. Loisel*, 259 U.S. 309, 317 (1922); *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1165 (11th Cir. 2005), *cert. denied*, 546 U.S. 993 (2005)[x]. In *Bingham*, the Supreme Court rejected the respondent's claim that *ex parte* witness affidavits submitted in support of his extradition to Canada should not be considered because he had not had the opportunity to cross-examine those witnesses. The Court referred to the applicable treaty language, which obligated the United States to extradite "upon such evidence of criminality as, according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial, if the crime or offense had there been committed." *Bingham v. Bradley*, 241 U.S. 511, 517 (1916). As 18 U.S.C. § 3190 does today, its predecessor, applicable in *Bingham*, provided for the admissibility at the extradition hearing of depositions, warrants and similar documents upon proper certification by the U.S. diplomatic or consular officer. The Court in *Bingham* said:

> It is one of the objects of § 5170 [today, § 3190] to obviate the necessity of confronting the accused with the witnesses against him; and a construction of this section, or of the treaty, that would require the demanding government to send its

citizens to another country to institute legal proceedings, would defeat the whole object of the treaty.

*Id.*  That principle of extradition law is as firmly-rooted today as it was in 1916 when the Supreme Court decided *Bingham*[3]. *See Zanazanian v. United States*, 729 F.2d 624, 626-627 (9th Cir. 1984) (applying *Bingham* to extradition to Sweden); *Shapiro* v. *Ferrandina*, 478 F.2d 894, 902 (2d Cir. 1973) (obviating necessity of confronting accused with witnesses against him is "one of the prime objects of bi-lateral extradition agreements"), *cert. dismissed*, 414 U.S. 884 (1973); *Surrender of Ntakirutimana*, 988 F. Supp. 1038, 1042 (S.D. Tex. 1997), *aff'd*, 184 F.3d 419 (5th Cir. 1999), *cert. denied*, 528 U.S. 1135 (2000).  Even the advent of modern transportation and communication has not changed this firmly-rooted posture of the U.S. courts. *See, Shapiro v. Ferrandina*, 478 F.2d 894, 902 (2d Cir. 1973), *cert. dismissed*, 414 U.S. 884 (1973).

**C.     The Fugitive's Evidence Is Very Limited, As In a Preliminary Hearing**

Due to the nature and limited purpose of an extradition hearing under Section 3184 and the importance of the international obligations of the United States under an extradition treaty, a fugitive's opportunity to challenge the evidence introduced against him is very circumscribed[y].  A fugitive may not introduce evidence that contradicts the evidence submitted on behalf of the requesting country, but may introduce evidence explaining the submitted evidence.  "Generally, evidence that explains away or completely obliterates probable cause is the only evidence admissible at an extradition hearing, whereas evidence that merely controverts the existence of probable cause, or raises a defense, is not admissible." *Barapind v. Enomoto*, 400 F.3d 744, 749 (9th Cir. 2005)(*en banc*)(quoting *Mainero v. Gregg*, 164 F.3d 1199, 1207, n.7

---

[3] The principle dates back well into the 19th century.  In *In re Heilborn*, 11 F. Cas 1025, 1029 (S.D. N.Y. 1854), the district court ordered extradition based upon a presentation of documentary and other hearsay evidence.

(9th Cir. 1999)); *see also Ordinola v. Hackman,* 478 F.3d 588, 608-09 (4th Cir. 2007), cert.

denied, 128 S.Ct. 373 (2007); *Hoxha v. Levi,* 465 F.3d 554, 561 (3d Cir. 2006).[z]

The Supreme Court in *Collins v. Loisel,* 259 U.S. 309 (1922), quoted with approval the

district court's reasoning in *In re Wadge,* 15 F. 864, 866 (S.D.N.Y. 1883), elucidating why the

scope of an extradition hearing is very limited. In *In re Wadge,* the district court rejected the

argument that a fugitive should be given an extensive hearing in the extradition proceedings:

> If this were recognized as the legal right of the accused in extradition proceedings,
> it would give him the option of insisting upon a full hearing and trial of his case
> here; and that might compel the demanding government to produce all its
> evidence here, both direct and rebutting, in order to meet the defense thus
> gathered from every quarter. The result would be that the foreign government
> though entitled by the terms of the treaty to the extradition of the accused for the
> purpose of a trial where the crime was committed, would be compelled to go into
> a full trial on the merits in a foreign country, under all the disadvantages of such a
> situation, and could not obtain extradition until after it had procured a conviction
> of the accused upon a full and substantial trial here. This would be in plain
> contravention of the intent and meaning of the extradition treaties.

*Collins v. Loisel,* 259 U.S. 309 at 316 (*quoting In re Wadge,* 15 F. at 866); *accord*

*Charleton v. Kelly,* 229 U.S. 447, 461 (1913).

The extent to which the fugitive may offer explanatory proof is largely within the

discretion of the committing judicial officer. *Koskotas v. Roche,* 931 F.2d 169, 175 (1st Cir.

1991); *Hooker v. Klein,* 573 F.2d 1360, 1369 (9th Cir.), *cert. denied,* 439 U.S. 932 (1978);

*United States ex rel Petrushansky v. Marasco,* 325 F.2d 562, 567 (2d Cir. 1963), *cert. denied,*

376 U.S. 952 (1964)(and cases cited therein)[aa]. The category of explanatory evidence is not

large in light of the limited purpose of the hearing, *i.e.,* to determine the sufficiency of the

evidence to sustain the charge, and  the overarching goal of the proceeding, which is to effectuate

the purposes of the treaty. The extradition hearing excludes evidence that requires the court to

make determinations outside of the scope of the hearing or within the province of the ultimate

trier of fact, particularly when those determinations rest on foreign law.  Such evidence exceeds

the limits of "explanatory" or "obliterating" evidence and is not properly before the court.  *In re*

*Solis*, 402 F. Supp.2d  1128, 1132 (C.D. CA 2005).

In applying the prohibition on considering  "contradictory evidence" and the allowance of

"explanatory evidence" several courts [*including courts in this district/circuit*] have followed

the explanation of these concepts elucidated by the court in the *Matter of Sindona:*

> The distinction between "contradictory evidence" and "explanatory
> evidence" is difficult to articulate.  However, the purpose behind
> the rule is reasonably clear.  In admitting "explanatory evidence,"
> the intention is to afford an accused person the opportunity to
> present reasonably clear-cut proof which would be of limited scope
> and having some reasonable chance of negating a showing of
> probable cause.  The scope of this evidence is restricted to what is
> appropriate to an extradition hearing.  The decisions are emphatic
> that the extraditee cannot be allowed to turn the extradition hearing
> into a full trial on the merits.

*Matter of Sindona*, 450 F.Supp. 672, 685 (S.D. N.Y. 1978), *aff'd*, 619 F.2d 167 (2d Cir.

1980).

**D.      The Extradition Hearing Excludes Technical and Affirmative Defenses**

A court should reject defenses against extradition that "savor of technicality," as they are

peculiarly inappropriate in dealings with a foreign nation.  For example, a variance between the

charges pending in the foreign state and the complaint filed on behalf of that state in our federal

courts is not a defense to surrender.  *Glucksman v. Henkel*, 221 U.S. 508, 513-514 (1910);

*accord Bingham v. Bradley*,  241 U.S. 511, 517 (1916); *United States ex rel. Bloomfield v.*

*Gengler*, 507 F.2d 925, 927-1024 (2d Cir. 1974);  *Shapiro v. Ferrandina*, 478 F.2d 894, 904 (2d

Cir. 1973), *cert. dismissed,* 414 U.S. 884 (1973)[bb].

It is also well settled that affirmative defenses to the merits of the charge are not to be

entertained in extradition hearings.  *Charlton v. Kelly,* 229 U.S. 447, 462 (1913); *Collins v.*

*Loisel*, 259 U.S. 309, 316-317 (1922); *Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978),

*cert. denied*, 439 U.S. 932 (1978); *DeSilva v. DiLeonardi*, 125 F.3d 1110, 1112 (7th Cir. 1997),

*cert. denied*, 525 U.S. 810 (1998). A fugitive may not introduce evidence that (1) merely

conflicts with the evidence submitted on behalf of the demanding state, *Collins v. Loisel*, 259

U.S. 309, 315-317 (1922)[cc]; (2) attempts to establish an alibi, *Shapiro v. Ferrandina*, 478 F.2d

894, 901 (2d Cir. 1973), *cert. dismissed*, 414 U.S. 884 (1973)[dd]; (3) suggests an insanity defense,

*Charlton v. Kelly*, 229 U.S. 447, 462 (1913)[ee]; or (4) seeks to impeach the credibility of the

demanding country's witnesses, *Bovio v. United States*, 989 F.2d 255, 259 (7th Cir. 1993)[ff].

These issues, which require factual and credibility determinations, are for the court in the

requesting country to resolve at a trial of the charges.

### E. The Executive Considers Matters Other Than Sufficiency; Rule of Non-Inquiry

Other than the sufficiency of the evidence, all matters that may be raised by the fugitive

as defenses to extradition are to be considered by the Secretary of State, not by this Court. See

18 U.S.C. §§ 3184, 3186. In making extradition determinations, "[t]he Secretary exercises broad

discretion and may properly consider factors affecting both the individual defendant as well as

foreign relations - factors that may be beyond the scope of the magistrate judge's review." *Sidali*

*v. I.N.S.*, 107 F.3d 191, 195 n.7 (3d Cir. 1997), cert. denied, 522 U.S. 1089 (1998). The

Secretary takes into account humanitarian claims and applicable statutes, treaties, or policies

regarding appropriate treatment in the receiving country. *See*, *Ntakirutimana v. Reno*, 184 F.3d

419, 430 (5th Cir. 1999), cert. denied, 528 U.S. 1135 (2000). This is consistent with the long-

held understanding that surrender of a fugitive to a foreign government is "purely a national act .

. . performed through the Secretary of State," within the Executive's "powers to conduct foreign

affairs." *See* In re Kaine, 55 U.S. 103, 110 (1852).

Therefore, under this constitutionally-based rule of judicial non-inquiry, a fugitive's contention that the extradition request is politically motivated or that the justice system of the requesting state is unfair should be addressed by the Secretary of State.  It is not the role of the court to look behind the extradition request to the motives of the requesting country.  *Ordinola v. Hackman*, 478 F.3d 588, 604 (4th Cir. 2007), *cert. denied*, 128 S.Ct. 373 (2007) ("the motives of the requesting government are irrelevant to our decision" and "must be addressed to the Secretary of State"); *Eain v. Wilkes*, 641 F.2d 504, 513 (7th Cir. 1981) (sole discretion of Secretary of State to determine whether foreign country's request for extradition is a subterfuge), *cert. denied*, 454 U.S. 894 (1981) [gg]. Likewise, the court should not investigate the fairness of the requesting country's criminal justice system.  *United States v. Lui Kin-Hong*, 110 F.3d 103, 110 (1st Cir. 1997) ("It is not that questions about what awaits the relator in the requesting country are irrelevant to extradition; it is that there is another branch of government, which has both final say and greater discretion in these proceedings, to whom these questions are more properly addressed").  *See also Prasoprat v. Benov*, 421 F.3d 1009, 1016 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006); *Blaxland v. Commonwealth Director*, 323 F.3d 1198, 1208 (9th Cir. 2003) [hh].

Similarly, the Secretary of State has sole discretion under 18 U.S.C. § 3186 and the relevant treaty to determine whether a request for extradition should be denied on humanitarian grounds because of procedures or treatment awaiting the surrendered fugitive.  *See Quinn v. Robinson*, 783 F.2d 776, 790-791 (9th Cir. 1986), *cert. denied*, 479 U.S. 882 (1986); *Ahmad v. Wigen*, 910 F.2d 1063, 1066 (2d Cir. 1990)("the degree of risk to [the accused's] life from extradition is an issue that properly falls within the *exclusive purview* of the executive

branch.")(emphasis in original).  Respect for and confidence in the Executive's exercise of

discretion is well placed, as stated in *Ahmad*:

> the district court proceeded to take testimony from both expert and fact witnesses
> and received extensive reports, affidavits, and other documentation concerning
> Israel's law enforcement procedures and its treatment of prisoners. This, we think,
> was improper. The interests of international comity are ill-served by requiring a
> foreign nation . . . to satisfy a United States district judge concerning the
> fairness of its laws and the manner in which they are enforced.  It is the function
> of the Secretary of State to determine whether extradition should be denied on
> humanitarian grounds.  So far as we know, the Secretary never has directed
> extradition in the face of proof that the extraditee would be subjected to
> procedures or punishment antipathetic to a federal court's sense of decency.
> Indeed, it is difficult to conceive of a situation in which a Secretary of State would
> do so.

*Ahmad*, 910 F.2d at 1067; accord, *Martin v. Warden, Atalanta Penitentiary*, 993 F.2d 824, 830

(11th Cir. 1993) ( "humanitarian consideration are matters properly reviewed by the Department

of State). [

Further, a fugitive's contention that he or she will be tried in the extraditing country for

crimes other than those for which extradition will be granted must be rejected as baseless or, if

not baseless, as beyond the responsibility of the court, for the United States government does not

presume that the demanding government will seek a trial in violation of a treaty. *Bingham v.

Bradley*, 241 U.S. 511, 514 (1916)[ii]. As the district court noted in *Gallina v. Fraser*, 177 F. Supp.

857, 867 (D. Conn. 1959), *aff'd*, 278 F.2d 77 (2d Cir. 1960), "the Secretary of State of the United

States would not authorize the surrender of a fugitive  .  .  .  to be punished for non-extraditable

crimes, and  .  .  .  any extradition would be so conditioned as to negate this possibility."

## IV.    CONCLUSION

WHEREFORE, the United States requests that the court conduct a hearing, pursuant to

Title 18, United States Code, Section 3184, to determine that the submission on behalf of Hong

Kong is sufficient to sustain each of the charges under the provisions of the applicable treaty and

to certify the extradition of the fugitive for each of those charges to the Secretary of State for

possible surrender to Hong Kong.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY


*/s/ Julie N. Searle*
Assistant United States Attorney

# INDEX OF ENDNOTES

---

[a] **Evidence is sufficient to sustain the charge.**

3rd

*Sidali v. I.N.S.*, 107 F.3d 191, 195 (3d Cir. 1997), *cert. denied*, 522 U.S. 1089 (1998)

5th

*Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969)(during a Section 3184 extradition hearing, a magistrate determines the sufficiency of evidence establishing reasonable ground for the accused's guilt), *cert. denied*, 398 U.S. 903 (1970)

[b]**The court certifies extradition to the Secretary of State**

1st

*United States v. Lui Kin-Hong*, 110 F.3d 103, 109 (1st Cir. 1997) (certify to the Secretary of State and submit evidence and testimony to the Secretary of State)

2nd

*Cheung v. United States*, 213 F.3d 82, 88 (2d Cir. 2000) (certify to the Secretary of State)

3rd

*Sidali v. I.N.S.*, 107 F.3d 191, 195 (3d Cir. 1997) (certify to the Secretary of State)

4th

*Mironescu v. Costner*, 480 F.3d 664, 665 (4th Cir. 2007) (certify to the Secretary of State)

5th

*Villareal v. Hammond*, 74 F.2d 503, 505 (5th Cir. 1934)

7th

*Eain v. Wilkes*, 641 F.2d 504, 516 (7th Cir. 1981) (certify to the Secretary of State), *cert. denied*, 454 U.S. 894 (1981)

8th

*United States v. Wiebe*, 733 F.2d 549, 553 (8th Cir. 1984) (certify to the Secretary of State)

9th

*Barapind v. Reno*, 225 F.3d 1100, 1105 (9th Cir. 2000) (certify to the Secretary of State)

11th

*Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828 (11th Cir. 1993) (certify to the Secretary of State)

[c]**Extradition treaties must be liberally construed**

1st

*United States v. Lui Kin-Hong*, 110 F.3d 103, 110 (1st Cir. 1997)
*Koskotas v. Roche*, 931 F.2d 169, 175 (1st Cir. 1991)

5th
*Ludecke v. United States Marshal*, 15 F.3d 496, 498 (5th Cir. 1994)
*Vardy v. United States*, 529 F.2d 404, 406 (5th Cir. 1976), *cert. denied,* 429 U.S. 978 (1976)
*In re Chan Kam-Shu*, 477 F.2d 333, 339 n.9 (5th Cir. 1973), *cert. denied,* 414 U.S. 847 (1973)

8th
*United States v. Wiebe*, 733 F.2d 549, 554 (8th Cir. 1984) ("Extradition treaties are to be construed liberally to effect their purpose...")

9th
*United States ex rel Sakaguchi v. Kaulukukui*, 520 F.2d 726, 731 (9th Cir. 1975)

### [d]Courts should give deference to the Department of State's treaty interpretation

US Supreme Court
*Charlton v. Kelly*, 229 U.S. 447, 468 (1913) (construction of treaty by political department of government, while not conclusive, is nevertheless of much weight)

1st
*United States v. Nai Fook Li*, 206 F.3d 56, 63 (1st Cir. 2000)

2nd
*Ahmad v. Wigen*, 726 F. Supp. 389, 402 (E.D.N.Y. 1989), *aff'd,* 910 F.2d 1063 (2d Cir. 1990) ("The State Department's view deserves deference, unless it represents a substantial departure from national or international norms.")

5th
*United States v. Jimenez-Nava*, 243 F.3d 192, 197 (5th Cir. 2001) ("The State Department's view of treaty interpretation is entitled to substantial deference."), *cert. denied,* 533 U.S. 962 (2001)

6th
*Argento v. Horn*, 241 F.2d 258, 263 (6th Cir. 1957), *cert. denied,* 355 U.S. 818 (1957)

7th
*Eain v. Wilkes*, 641 F.2d 504, 515 (7th Cir. 1981), *cert. denied,* 454 U.S. 894 ( 1981)

### [e] Error! Main Document Only.Elements necessary for extradition certification

1st
*Koskotas v. Roche*, 931 F.2d 169, 171 (1st Cir. 1991)
*In re Manzi*, 888 F.2d 204, 205 (1st Cir. 1989), *cert. denied,* 449 U.S. 1017 (1990)

2nd
*Murphy v. United States*, 199 F.3d 599, 601 (2d Cir. 1999)
*Austin v. Healey*, 5 F.3d 598, 600 (2d Cir. 1993), *cert. denied,* 510 U.S. 1165 (1994)
*Ahmad v. Wigen,* 910 F.2d 1063, 1064 (2d Cir. 1990)

3rd
*Hoxha v. Levi*, 465 F.3d 554, 560 (3d Cir. 2006)

*Sidali v. I.N.S.*, 107 F.3d 191, 195 (3d Cir. 1997), *cert. denied,* 522 U.S. 1089 (1998)

4th
*Ordinola v. Hackman*, 478 F.3d 588, 598 (4th Cir. 2007), *cert. pending,* No-06-11518 (May 23, 2007)
*Prushinowski v. Samples,* 734 F.2d 1016, 1018 (4th Cir. 1984)
*Collier v. Vaccaro,* 51 F.2d 17, 20 (4th Cir. 1931)

5th
*Ntakirutimana v. Reno*, 184 F.3d 419, 423 (5th Cir. 1999), *cert. denied,* 528 U.S. 1135 (2000)
*Ludecke v. United States Marshal,* 15 F.3d 496, 497 (5th Cir. 1994)

6th
*In re Drayer,* 190 F.3d 410, 415 (6th Cir. 1999), *cert. denied,* 528 U.S. 1176 (2000)

7th
*DeSilva v. DiLeonardi,* 125 F.3d 1110, 1112 (7th Cir. 1997), *cert. denied,* 525 U.S. 810 (1998)
*In re Assarsson,* 635 F.2d 1237, 1240 (7th Cir. 1980), *cert. denied,* 451 U.S. 938 (1981)

8th
*United States v. Wiebe,* 733 F.2d 549, 552 (8th Cir. 1984)
*In re Assarsson,* 687 F.2d 1157, 1159 n.5 (8th Cir. 1982)

9th
*Prasoprat v. Benov,* 421 F.3d 1009, 1013 (9th Cir. 2005), *cert. denied,* 546 U.S. 1171 (2006)
*Mainero v. Gregg,* 164 F.3d 1199, 1205 (9th Cir. 1999)

10th
*Smith v. United States,* 82 F.3d 964, 965 (10th Cir. 1996)
*Peters v. Egnor,* 888 F.2d 713, 716 (10th Cir. 1989)

11th
*Yapp v. Reno,* 26 F.3d 1562, 1565 (11th Cir. 1994)
*Hill v. United States,* 737 F.2d 950, 951 n.1 (11th Cir. 1984)

[f]**Jurisdiction over the fugitive**
         **--Court has personal jurisdiction over the fugitive**
5th
*In re Medina,* 210 F. Supp. 2d 813, 821 (N.D.T.X. 2002)
*United States v. Deaton,* 448 F. Supp. 532, 534 (N.D.Ohio 1978), *aff'd,* 597 F.2d 769 (5th Cir. 1979)

7th
*In re Ortiz,* 444 F. Supp. 2d 876, 882 (N.D. Ill. 2006)

8th
*In re Assarsson,* 687 F.2d 1157, 1160 (8th Cir. 1982)

9th
*In re Coe,* 261 F. Supp. 2d, 1203, 1213 (C.D. Cal. 2003)
*In re Kuri,* No. 04-6049M-DKD, 2006 U.S. Dist. LEXIS 43316, at * 7 (D. Ariz. June 14, 2006)

---

[g] **Error! Main Document Only.Extradition Available When Treaty Is In Force Between the Requesting and Requested State**

1st
*United States v. Lui Kin-Hong,* 110 F.3d 103 (1st Cir. 1997) (treaty is valid despite rearrangement of international borders via the impending reversion of Hong Kong to the People's Republic of China)

2nd
*Cheung v. United States,* 213 F.3d 82, 91 (2d Cir. 2000) (treaty between the United States and Hong Kong was valid because the term "foreign government"in 18 U.S.C. § 3184 includes a sub-sovereign entity)
*Argento v. Horn,* 241 F.2d 258, 263 (6th Cir. 1957) (extradition treaty was not abrogated but merely suspended during war time), *cert. denied,* 355 U.S. 818 (1957)

3rd
*Hoxha v. Levi,* 465 F.3d 554, 562 (3d Cir. 2006) (treaty remains valid even though state no longer exists and successor state rejected all previous treaties)
*United States ex rel Saroop v. Garcia,* 109 F.3d 165, 171 (3d Cir. 1997) (under the doctrine of international comity, the court can defer to the judgement of foreign high court for a determination of the validity of a treaty)
*Gallina v. Fraser,* 177 F. Supp. 856, 864 (D.Conn. 1959) (treaty remains valid because extradition "treaty becomes merely inoperative during war, not null and void"), *aff'd,* 278 F.2d 77 (1960)

9th
*Wang v. Masaitis,* 416 F.3d 992, 999 (9th Cir. 2005) (treaty with a non-sovereign nation (Hong Kong) is valid and constitutional)
*Then v. Melendez,* 92 F.3d 851, 854 (9th Cir. 1996) (Singapore's newly gained independence did not negate the validity of the treaty because the actions of Singapore and the United States evinced the intent to continue the application of the initial treaty between the United States and the United Kingdom)
*United States v. Tuttle,* 966 F.2d 1316, 1317 (9th Cir. 1992) (when the Bahamas gained independence from Britain, the extradition treaty between the United States and the United Kingdom (including the colony of the Bahamas) remained valid, in force and was now applicable between the Bahmamas and the United States)
*Artukovic v. Rison,* 784 F.2d 1354, 1356 (9th Cir. 1986) (treaty is valid and effective now even though Yugoslavia did not exist as a political unit at the time the treaty)

11th
*Kastnerova v. United States,* 365 F.3d 980, 985-987 (11th Cir. 2004) (dissolution of Czechoslovakia into two new states, the Czech Republic and the Republic of Slovakia, did not invalidate the extradition treaty), *cert. denied,* 541 U.S. 1090 (2004)

[h] **Error! Main Document Only.Deference to the Department of State as to the validity of the treaty**

1st
*Sabatier v. Dabrowski,* 586 F.2d 866, 868 (1st Cir. 1978) (a judicial determination of the validity of a treaty should defer to the conduct of the governments of both countries which includes the official position of the Department of State)

3rd

*United States ex rel Saroop v. Garcia*, 109 F.3d 165, 171 (3d Cir. 1997) ("on the question whether [the extradition] treaty has ever been terminated, governmental action in respect to it must be regarded as of controlling importance" (quoting *Terlinden v. Ames*, 184 U.S. 270, 285 (1902))

5th

*Sayne v. Shipley*, 418 F.2d 679, 683-684 (5th Cir. 1969) ("because we recognize that the conduct of foreign affairs is a political, not judicial function, such advice, while not conclusive on this Court, is entitled to great weight and importance"), *cert. denied*, 398 U.S. 903 (1970)

9th

*Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996) (since the continuing validity of a treaty presents a political question, the judiciary must defer to the intentions of the Executive)

*United States v. Tuttle*, 966 F.2d 1316, 1317 (9th Cir. 1992) ("We concur in the view that the question whether power remains in a foreign State to carry out its treaty obligations is in its nature political and not judicial, and that the courts not interfere with the conclusions of the political department in that regard" (quoting *Terlinden v. Ames*, 184 U.S. 270, 285 (1902))

*Ivancevic v. Artukovic*, 211 F.2d 565, 574 (9th Cir. 1954), *cert. denied*, 384 U.S. 818 (1954)

*In re Kuri*, No. 04-6049M-DKD, 2006 U.S. Dist. LEXIS 43316, at * 7 (D. Ariz. June 14, 2006) (the department of state's opinion of whether a treaty is in full force and effect is entitled to deference from the court)

*In re Mainero*, 990 F. Supp. 1208, 1217 (S.D. Cal. 1997)

*Matter of Extradition of Garcia*, 890 F. Supp. 914, 917 (S.D. Cal. 1994)

11th

*Kastnerova v. United States*, 365 F.3d 980, 986 (11th Cir. 2004) (judiciary defers to the Executive's determination about political considerations including the validity of a treaty), *cert. denied*, 541 U.S. 1090 (2004)

[i] **Requesting country is not obliged to produce evidence on all elements of a criminal offense nor establish that the crime is identical to the United States criminal offense**

1st

*Brauch v. Raiche*, 618 F.2d 843, 851-852 (1st Cir. 1980) (dual criminality does not require strict congruity of offenses so the English theft act provision and the New Hampshire bad check statute both punish the conduct of obtaining property by false pretenses)

**Error! Main Document Only.***United States v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995) ("The principle of dual criminality does not demand that the laws of the surrendering and requesting states be carbon copies of one another."), *cert. denied*, 517 U.S. 1105 (1996)

2nd

*In the Matter of Waters*, 03m1072(CLP), 2003 U.S. Dist. LEXIS 24399, at *22 (E.D.N.Y. Nov. 24, 2003) (even though the Indian penal code requirement criminalized a broader range of sexual conduct which is permitted in the United States, the crime was still analogous in the United States and India)

*Tang Yee-Chun v. Immundi*, 686 F. Supp. 1004 (S.D.N.Y. 1987) (a crime in the United States with an elemental requirement of making false statements within the jurisdiction of any U.S. department or agency does not bar the crime from being similar in a foreign country)

*Lo Duca v. United States*, 93 F.3d 1100, 1111-1112 (2d Cir. 1996) (applying the dual criminality requirement against a foreign statute, courts consider the statutory text and the conduct of the accused), *cert. denied,* 519 U.S. 1007 (1996)

*Shapiro v. Ferrandina*, 478 F.2d 894, 908 (2d Cir. 1973) (dual criminality is satisfied if "the laws of both the requesting and the requested party appear to be directed to the same basic evil" ), *cert. dismissed*, 414 U.S. 884 (1973)

3rd

*United States ex rel Geen v. Fetters*, 1 F. Supp. 637, 640 (E.D. Pa. 1932) ("There may thus be an absence of identity in the verbal definition of the same criminal act as found in the laws of the demanding and the asylum country, but if an act as described in a treaty has been made extraditable, it will not be held to be not so merely because the definition of the offense verbally differs from the definition of the same offense found in the law of the asylum country.")

*United States v. Riviere*, 924 F.2d 1289, 1302 (3d Cir. 1991) ("the rule of double criminality does not require that the elements, purposes, or punishment for foreign offenses be identical to ours.")

7th

*DeSilva v. DiLeonardi*, 125 F.3d 1110, 1113 (7th Cir. 1997) (kidnaping in the United States and Canada is a criminal act so the fugitive's status as custodian of the victim was negated since the victim was an unconsenting person), *cert. denied,* 525 U.S. 810 (1998)

9th

*Clarey v. Gregg*, 138 F.3d 764, 765-766 (9th Cir. 1998) (although simple homicide in Mexico differs from felony murder in the United States (note: U.S. statute requires the homicide to be perpetrated during the commission of a violent felony), the category of conduct is similar and satisfies the dual criminality requirement*), cert. denied,* 525 U.S. 853 (1998)

*Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1407 (9th Cir. 1988) (the crimes are not identical but the Hong Kong crimes of false accounting and publishing a false statement are substantially analogous to the U.S. crime of making a false entry in a bank statement), *cert. denied,* 490 U.S. 1106 (1989)

*Matter of Extradition of Russell*, 789 F.2d 801, 803-804 (9th Cir. 1986) (fugitive was extraditable on Australian offense of conspiring to commit fraud even though overt act required under American law was not required as an element of the offense under Australian law)

**Error! Main Document Only.**10th

*Ross v. United States Marshal*, 168 F.3d 1190, 1196 (10th Cir. 1999) ("the element requiring the use of the mails or interstate wire transmission is merely a jurisdictional requirement" for the crime in the United States, and it is not a requirement for dual criminality since the crimes and in the United States and Ireland are 'substantially analogous'")

**Error! Main Document Only.***Peters v. Egnor*, 888 F.2d 713, 720 (10th Cir. 1989) (although the British Theft Act and United States securities law proscribe different ways of obtaining property by deception, they are "substantially analogous")

[j] **Dual criminality is not a technical concept involving a comparison between two countries of the elements of an offense**

1st

*United States v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995) ("If the same conduct is subject to criminal sanctions in both jurisdictions, no more is exigible."), *cert. denied,* 517 U.S. 1105 (1996)

*Matter of Extradition of Manzi*, 888 F.2d 204, 208 (1st Cir. 1989) (purchasing a stolen car in Italy and receiving stolen property in Massachusetts are similar criminal conduct), *cert. denied,* 494 U.S. 1017 (1990)

2nd
*Messina v. United States*, 728 F.2d 77 (2d Cir. 1984) (dual criminality is satisfied because Italian offense is in the nature of extortion which is similar to federal statute 18 U.S.C. § 1952 and state statue N.Y. Penal Law § 135.65)
*Lo Duca v. United States*, 93 F.3d 1100, 1111(2d Cir. 1996) (Italian offense of association with mafia type is similar to an offense under American conspiracy and RICO laws), *cert. denied,* 519 U.S. 1007 (1996)
*United States ex rel Rauch v. Stockinger*, 269 F.2d 681, 687 (2d Cir. 1959) ("It is immaterial that the acts in question constitute the crime of theft and fraud in Canada and the crime of larceny in New York State."), *cert. denied,* 361 U.S. 913 (1959)
*United States ex rel Di Stefano v. Moore*, 46 F.2d 308, 310 (D.N.Y. 1930) ("the act charged is an attempt to take the life of the accuser, and that is a crime both in New York and Italy, whether it be called assault in the first degree, or, as defined in the treaty, attempted murder"), *aff'd,* 46 F. 2d 310 (2d Cir. 1930), *cert. denied,* 283 U.S. 830 (1931)

**Error! Main Document Only.***3rd*
*United States v. Riviere*, 924 F.2d 1289, 1302-1303 (3d Cir. 1991) (the offense of possession of marijuana is a criminal act in the United States and the Dominican Republic)
*Matter of Extradition of Lehming*, 951 F. Supp. 505, 512 (D. Del. 1996) (dual criminality is satisfied because the German charge of bankruptcy fraud constitutes the commission of a crime in the United States pursuant to 18 U.S.C. § 152)

4th
*Matter of Extradition of Prushinowski*, 574 F. Supp. 1439, 1447 (E.D.N.C. 1983) ("Both § 15(1) of the Theft Act [British] and N.C.Gen.Stat. § 14-100 fall within the parameters of the offense of obtaining property by false pretenses.")

5th
*Bernstein v. Gross*, 58 F.2d 154, 155 (5th Cir. 1932) (the Canadian offense of defrauding by false pretense is alike in substance to the Texas law against swindling)
*In re Medina*, 210 F. Supp. 2d 813, 816 (N.D. Tex. 2002) (the offense of murder in Mexico is called aggravated homicide and called a felony offense under both United States federal law and Texas law)

6th
*Heilbronn v. Kendall*, 775 F. Supp. 1020, 1025 (W.D. Mich. 1991) ("The common element of bribery, the corrupt giving or receiving of payments to influence a duty owed, is common under both § 290 of the Israeli Penal Law and 18 U.S.C. § 666 and 42 U.S.C. § 1320a-7b. Double criminality does not require that the reason petitioner's conduct constitutes bribery (i.e., violation of the laws associated with a system of socialized medicine), be common to both jurisdictions.")

7th
*DeSilva v. DiLeonardi*, 125 F.3d 1110, 1113 (7th Cir. 1997) (kidnaping under Canada and the United States laws is a criminal act), *cert. denied,* 525 U.S. 810 (1998)

9th

*Clarey v. Gregg*, 138 F.3d 764, 766 (9th Cir. 1998) (Mexico's homicide statute and the United States statute can both be used to punish acts of the same general character - the taking of another's life), *cert. denied*, 525 U.S. 853 (1998)
*Cucuzzella v. Keliikoa*, 638 F.2d 105, 108 (9th Cir. 1981) (the Canadian "breach of trust statute analogous to federal embezzlement statutes" so dual criminality is satisfied)

10th
*United States v. Levy*, 905 F.2d 326, 328 (10th Cir. 1990) (dual criminality is satisfied because the fugitive's conduct as a leader of a drug trafficking operation is criminal in both Hong Kong and the United States), *cert. denied*, 498 U.S. 1049 (1991)
*Peters v. Egnor*, 888 F.2d 713, 719 (10th Cir. 1989) (Fugitive's acts were criminal in the United Kingdom and the United State because the U.K.'s Theft Act charges correspond to U.S. securities fraud and U.K. forgery charges are similar to Colorado's forgery and simulation)

11th
*Gallo-Chamorro v. United States*, 233 F.3d 1298, 1307 (11th Cir. 2000) ("dual criminality focuses on the characterization of the acts of the defendant"), *cert. denied*, 516 U.S. 811 (1995)
*Polo v. Horgan*, 828 F. Supp. 961, 965 (S.D. Fla. 1993) (dual criminality is satisfied because the Swiss crime of dishonest management is of essentially the same character as the Florida crime of embezzlement)

D.C.
*United States v. Sensi*, 879 F.2d 888, 894 (D.C. Cir. 1989) (dual criminality is satisfied because the criminal act consisted of stealing money which is a crime in the United Kingdom and the United States)
*Kaiser v. Rutherford*, 827 F. Supp. 832, 835 (D.D.C. 1993) ("German and U.S. charges need not be mirror images of each other.")

[k] **The court may consider federal law, law of the state in which the extradition hearing is held, and law of the preponderance of states to decide the question of dual criminality**

U.S. Supreme Court
*Wright v. Henkel*, 190 U.S. 40, 61 (1903) ("when, by the law of Great Britain, and by the law of the state in which the fugitive is found, the fraudulent acts charged to have been committed are made criminal, the case comes fairly within the treaty")

1st
*Matter of Extradition of Manzi*, 888 F.2d 204, 207 (1st Cir. 1989) (it is only necessary to determine that the acts on which the foreign charges are based are proscribed by similar criminal provisions of federal law, the law of the asylum state or the law of the preponderance of states), *cert. denied*, 494 U.S. 1017 (1990)
*Matter of Extradition of Schweidenback*, 3 F. Supp. 2d 118 (D. Mass. 1998) (to determine if a criminal statute in a foreign country is similar to a statue in the United States, the court can examine the "criminal provisions of federal law or, if none, the law of the place where the fugitive is found or, if none, the law of the preponderance of the states")
*Brauch v. Raiche*, 618 F.2d 843, 851 (1st Cir. 1980)

2nd
*Hu Yau-Leung v. Soscia*, 649 F.2d 914, 918 & n. 4 (2d Cir.1981), *cert. denied*, 454 U.S. 971 (1981)

4th
*Matter of Extradition of Prushinowski*, 574 F. Supp. 1439, 1446 (E.D.N.C. 1983) ("A majority view, which this court adopts, is that it is only necessary to determine that the acts on which the foreign charges are based are proscribed by similar criminal provisions of federal law, the law of the asylum state or the law of the preponderance of states")

5th
*Matter of Tafoya*, 572 F. Supp. 95, 99 (W.D. Tex. 1983)

7th
*DeSilva v. DiLeonardi*, 125 F.3d 1110, 1113 (7th Cir. 1997), *cert. denied*, 525 U.S. 810 (1998)
*In re Ortiz*, 444 F. Supp. 2d 876, 883 (N.D. Ill. 2006) (in making a determination about dual criminality the court may consider federal or state law in the United States)

9th
*Cucuzzella v. Keliikoa*, 638 F.2d 105, 107 (9th Cir. 1981)

10th
*In re Chan Seong-I*, 346 F. Supp. 2d 1149, 1159 (D.N.M. 2004)

[1] **Error! Main Document Only.Standard of proof for evidence at extradition hearing is probable cause**

US Supreme Court
*Charlton v. Kelly*, 229 U.S. 447, 461 (1913)

1st
*United States v. Lui Kin-Hong*, 110 F.3d 103, 120 (1st Cir. 1997) ("An extradition hearing does not require a higher standard of evidence than a probable cause hearing.")

2nd
*Sindona v. Grant*, 619 F.2d 167, 175 (2d Cir. 1980) (the standard is the equivalent to a preliminary hearing, which is probable cause)

3rd
*Sidali v. INS*, 107 F.3d 191, 199 (3d Cir. 1997) ("the probable cause standard applicable in extradition proceedings is identical to that used by courts in federal preliminary hearings")
*Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006)

4th
*Ordinola v. Hackman*, 478 F.3d 588, 608 (4th Cir. 2007), *cert. pending*, No-06-11518 (May 23, 2007)

5th
*Escobedo v. United States*, 623 F.2d 1098, 1102 (5th Cir. 1980)
*Gusikoff v. United States*, 620 F.2d 459, 462 (5th Cir. 1980)

7th
*Bovio v. United States*, 989 F.2d 255, 259 (7th Cir. 1993)

8th
*United States v. Wiebe*, 733 F.2d 549, 553 (8th Cir. 1984)

9th
*Mirchandani v. United States*, 836 F.2d 1223, 1226 (9th Cir. 1988) (probable cause standard applicable in extradition proceeding is there was any evidence warranting the finding that there was a reasonable ground to believe the accused guilty)

11th
*Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1433 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994)

DC
*Ward v. Rutherford*, 921 F.2d 286, 287 (D.C. Cir. 1990)

[m] **Extradition Hearing only needs to decide probable cause, not guilt or innocence**

**Error! Main Document Only.**1st
*Sabatier v. Dabrowski*, 586 F.2d 866, 869 (1st Cir. 1978)

**Error! Main Document Only.**2nd
*Simmons v. Braun*, 627 F.2d 635, 636 (2d Cir. 1980)

4th
*Peroff v. Hylton*, 542 F.2d 1247, 1249 (4th Cir. 1976) (extradition hearing is not a full trial but a determination of probable cause), *cert. denied*, 429 U.S. 1062 (1977)

5th
*Sayne v.Shipley*, 418 F.2d 679, 685 (5th Cir. 1969), *cert. denied*, 398 U.S. 903 (1970)

6th
*In re Drayer*, 190 F.3d 410, 415 (6th Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000)

7th
*DeSilva v. DiLeonardi*, 181 F.3d 865, 868 (7th Cir. 1999) (extradition is not a criminal proceeding)

8th
*United States v. Wiebe*, 733 F.2d 549, 553 (8th Cir. 1984)

11th
*Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828 (11th Cir. 1993)

[n] **A person whose extradition is sought is not entitled to the same rights as at a criminal trial**

US Supreme Court
*Glucksman v. Henkel*, 221 U.S. 508, 512 (1911) ("It is common in extradition cases to attempt to bring to bear all the factitious niceties of a criminal trial at common law. But it is a waste of time.")

2nd

*United States ex rel Rauch v. Stockinger,* 269 F.2d 681, 687 (2d Cir. 1959) ("It is not our duty on this appeal to order the relators' release merely because we do not find on this appeal 'all the factitious niceties of a criminal trial at common law.'" )
*Murphy v. United States,* 199 F.3d 599, 603 (2d Cir. 1999) (rights and remedies clause in an extradition treaty do not entitle the fugitive to broad constitutional protections)

11th
*Martin v. Warden, Atlanta Pen,* 993 F.2d 824, 829 (11th Cir. 1993) ("Constitutional procedural protections which by their terms are applicable only in criminal cases, however, are unavailable in extradition proceedings.")

° **Federal rules of evidence and the federal rules of criminal procedure are not applicable in an extradition hearing**

2nd
*Melia v. United States,* 728667 F.2d 77, 80 (2d Cir. 1984)

300, 302 (2d Cir. 1981)
*In re Matus,* 784 F. Supp. 1052, 1058 (S.D.N.Y. 1992) (federal rules of evidence are not applicable in extradition proceedings)

3rd
*In re Okeke,* No. 96-7019P-01, 1996 U.S. Dist. Lexis 22380 *56 (D. N.J. Aug. 7, 1996)

65th
*In re Drayer, 190 F.3d 410, 413-415 (6th Cir. 1999McDonald v. Burrows,* 731 F.2d 294, 297 n.5 (5th Cir. 1984) (Federal Rules of Criminal Procedure do not apply in extradition hearings), *cert. denied,* 469 U.S. 852 (1984)

6th
*Eain v. Wilkes,* 641 F.2d 504, 508 (7th Cir. 1981), *cert. denied,* 45284 U.S. 1176 (2000)

9th
*Oen Yin-Choy v. Robinson,* 858 F.2d 1400, 1407 (9th Cir. 1988) ("Although there is no explicit statutory basis for ordering discovery in extradition proceedings, the extradition court has the inherent power to order such discovery procedures as law and justice require.") 4894 (1981)

9th
*Merino v. United States Marshal,* 326 F.2d 5, 12 (9th Cir. 1963), *cert. denied,* 377 U.S. 997 (1964)

10th
*In re Chan Seong-I,* 346 F. Supp.2d 1149, 1161 (D.N.M. 2004)

11th
*Afanasjev v. Hurlburt,* 418 F.3d 1159, 1165 (11th Cir. 2005), *cert. denied,* 126 S. Ct. 587 (2005)

ᵖ **A person whose extradition is sought has no right to discovery**

2nd
*Messina v. United States,* 728 F.2d 77, 80 (2d Cir. 1984)

3rd
*In re Okeke,* No. 96-7019P-01, 1996 U.S. Dist. Lexis 22380 *5 (D. N.J. Aug. 7, 1996)

6th
*In re Drayer,* 190 F.3d 410, 413-415 (6th Cir. 1999), *cert. denied,* 528 U.S. 1176 (2000)

9th
*Oen Yin-Choy v. Robinson,* 858 F.2d 1400, 1407 (9th Cir. 1988) ("Although there is no explicit statutory basis for ordering discovery in extradition proceedings, the extradition court has the inherent power to order such discovery procedures as law and justice require.")

[q] **A person whose extradition is sought has no right to cross examination of a witness**

**Error! Main Document Only.**7th
*David v. Att'y Gen. United States,* 699 F.2d 411, 416 n. 4 (7th Cir. 1983), *cert. denied,* 464 U.S. 832 (1983)

9th
*Oen Yin-Choy v. Robinson,* 858 F.2d 1400, 1407 (9th Cir. 1988)

[r] **Error! Main Document Only.A person whose extradition is sought is limited in the evidence he or she can present**

**Error! Main Document Only.**9th
*Hooker v. Klein,* 573 F.2d 1360, 1368 (9th Cir. 1978), *cert. denied,* 439 U.S. 932 (1978)

[s] **A person whose extradition is sought has no right to a speedy trial**

**Error! Main Document Only.**2nd
*Jhirad v. Ferrandina,* 536 F.2d 478, 485 n.9 (2d Cir. 1976), *cert. denied,* 429 U.S. 833 (1976)

7th
*In re Burt,* 737 F.2d 1477, 1486-1487 (7th Cir. 1984)

**Error! Main Document Only.**9th
*In re Kraiselbrud,* 786 F.2d 1395, 1398 (9th Cir. 1986), *cert. denied,* 479 U.S. 990 (1986)

**Error! Main Document Only.**11th
*Martin v. Warden, Atlanta Pen,* 993 F.2d 824, 829 (11th Cir. 1993)
*Yapp v. Reno,* 26 F.3d 1562, 1565 (11th Cir. 1994)

[t] **A person whose extradition is sought has no guarantee against double jeopardy**

**Error! Main Document Only.**2nd
*In re McMullen,* 989 F.2d 603, 612-613 (2d Cir. 1993), *cert. denied,* 510 U.S. 913 (1993)

9th
*In re Powell,* 4 F. Supp. 2d 945, 951 (S.D.Cal. 1998)

[u] person whose extradition is sought is unable to utilize the exclusionary rule

2nd
*Simmons v. Braun,* 627 F.2d 635, 636 (2d Cir. 1980)

6th
*Hills v. United States,* Nos. 92-1345, 92-1390, 1992 U.S. App. LEXIS 30802, at *2 (6th Cir. Nov. 18, 1992), *cert. denied,* 508 U.S. 980 (1993)

7th
*David v. Att'y Gen. United States,* 699 F.2d 411, 414 (7th Cir. 1983), *cert. denied,* 464 U.S. 832 (1983)

9th
*Magisano v. Locke,* 545 F.2d 1228, 1230 (9th Cir. 1976) (fugitive's argument that wiretapping was illegal was not relevant because there the exclusionary rule is not applicable in extradition)

' **Error! Main Document Only.Section 3190 governs admissibility of documents offered at extradition hearing**

5th
*Escobedo v. United States,* 623 F.2d 1098, 1103 (5th Cir. 1980), *cert. denied,* 449 U.S. 1036 (1980)

6th
*O'Brien v. Rozman,* 554 F.2d 780, 783 (6th Cir. 1977)

7th
*Matter of Assarsson,* 635 F.2d 1237, 1245-1246 (7th Cir. 1980), *cert. denied,* 451 U.S. 938 (1981)

**Error! Main Document Only.8[th]**
*United States v. Wiebe,* 733 F.2d 549, 553 (8th Cir. 1984)

9th
*Zanazanian v. United States,* 729 F.2d 624, 627 (9th Cir. 1984)
*Barapind v. Enomoto,* 360 F.3d 1061, 1069 (9th Cir. 2004)

11th
*Afanasjev v. Hurlburt ,* 418 F.3d 1159, 1164 (11th Cir. 2005), *cert. denied,* 126 S. Ct. 587 (2005)

**Error! Main Document Only.--Proper authentication of documents offered at extradition hearing**
2nd
*Shapiro v. Ferrandina,* 478 F.2d 894, 902-903 (2d Cir. 1973), *cert. dismissed,* 414 U.S. 884 (1973)

6th
*O'Brien v. Rozman,* 554 F.2d 780, 783 (6th Cir. 1977)

7th

*Eain v. Wilkes*, 641 F.2d 504, 509-511 (7th Cir. 1981) (affidavits of cooperator, corroborated by police officer affidavit and affidavit of second civilian witness sufficient), *cert. denied*, 454 U.S. 894 (1981)

8th
*In re Edmonson*, 352 F. Supp. 22, 24 (D. Minn. 1972)

9th
*Matter of Mainero*, 990 F. Supp. 1208, 1212-13 (S.D. Cal. 1997) (affidavits of co-conspirators and other witnesses sufficient for extradition to Mexico for murder)

11th
*Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1433-34 (S.D. Fla. 1993) (documents and affidavits sufficient for extradition to Honduras), *aff'd*, 28 F.3d 116 (11th Cir. 1994)

[w] **Certification of sufficiency of the evidence can be based entirely on documentary evidence**

1st
*United States v. Lui Kin-Hong*, 110 F.3d 103, 119 (1st Cir. 1997) (admissible evidence included affidavits and statements)

5th
*In re Chan Kam-Shu*, 477 F.2d 333, 339 n.14 (5th Cir. 1973), ("the government could have proceeded immediately with a complaint based upon the official extradition documents, which apparently would be sufficient for another arrest warrant under 18 U.S.C.A. § 3184, and a prompt extradition hearing."), *cert. denied*, 414 U.S. 847 (1973)

[x] **Hearsay Evidence is admissible and necessarily supports the certification**

**Error! Main Document Only.**1st
*United States v. Lui Kin-Hong*, 110 F.3d 103, 608 (1st Cir. 1997)

2nd
*Melia v. United States*, 667 F.2d 300, 302 (2d Cir. 1981)

3rd
*Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006)

4th
*Ordinola v. Hackman*, 478 F.3d 588, 608 (4th Cir. 2007), *cert. pending*, No-06-11518 (May 23, 2007)

5th
*Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969), *cert. denied*, 398 U.S. 903 (1970)
6th
*O'Brien v. Rozman*, 554 F.2d 780, 782-783 (6th Cir. 1977)

7th
*Bovio v. United States*, 989 F.2d 255, 259 (7th Cir. 1993)
*In re David*, 395 F. Supp. 803, 806 (E.D. Ill. 1975)

9th

*Emami v. United States Dist. Court for Northern California*, 834 F.2d 1444, 1450-1453 (9th Cir. 1987)
*Zanazanian v. United States*, 729 F.2d 624, 626-627 (9th Cir. 1984)

11th
*Afanasjev v. Hurlburt* , 418 F.3d 1159, 1165 (11th Cir. 2005), *cert. denied,* 126 S. Ct. 587 (2005)

[y] **fugitive's right to challenge evidence is limited**

**Error! Main Document Only.1st**
*Koskotas v. Roche*, 931 F.2d 169, 175 (1st Cir. 1991) (it is at the courts discretion to admit evidence; admissible explanatory is reasonable clear-cut proof . . . of limited scope [that has] some reasonable chance of negating a showing of probable cause)

2nd
*Sandhu v. Burke*, No. 97 Civ. 4608 (JGK), 2000 WL 191707, at *5-6 (S.D.N.Y. Feb. 10, 2000) (extradition judge will define the boundary line between contradictory and explanatory evidence)

3rd
*Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006) (the range of evidence that a defendant may introduce as to probable cause at an extradition hearing is limited.. Two kinds: inadmissible "contradictory evidence," which merely conflicts with the government's evidence, and admissible "explanatory evidence," which entirely eliminates probable cause)

9th
*Barapind v. Enomoto*, 360 F.3d 1061, 1069 (9th Cir. 2004) (admissible explanatory evidence explains away or completely obliterates probable cause is admissible, while evidence that merely controverts the existence of probable cause is not.")

[z] **Error! Main Document Only.Fugitive cannot introduce contradictory evidence but can introduce explanatory evidence**

**Error! Main Document Only.1st**
*Koskotas v. Roche*, 931 F.2d 169, 175 (1st Cir. 1991)

2nd
*Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir. 1973), *cert. dismissed,* 414 U.S. 884 (1973)
*United States ex rel Petrushansky v. Marasco*, 325 F.2d 562, 567 (2d Cir. 1963), *cert. denied,* 376 U.S. 952 (1964)

3rd
*Matter of Extradition of Singh*, 124 F.R.D. 571, 576 (D.N.J. 1987) *(*quoting Petruchansky)
*Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006)

4th
*Ordinola v. Hackman*, 478 F.3d 588, 608 (4th Cir. 2007), *cert. pending,* No-06-11518 (May 23, 2007)

5th
*Jimenez v. Aristeguieta*, 311 F.2d 547, 556 (5th Cir. 1962), *cert. denied,* 373 U.S. 914 (1963)

7th
*Eain v. Wilkes,* 641 F.2d 504, 511 (7th Cir. 1981), *cert. denied,* 454 U.S. 894 (1981)

9th
*Hooker v. Klein,* 573 F.2d 1360, 1368 (9th Cir. 1978), *cert. denied,* 439 U.S. 932 (1978)

11th
*Castro Bobadilla v. Reno,* 826 F. Supp. 1428, 1433 (S.D. Fla. 1993), *aff'd,* 28 F.3d 116 (11th Cir. 1994)

[aa] **The extent to which a fugitive can offer explanatory proof is within the discretion of the judge**

**Error! Main Document Only.**1st
*Koskotas v. Roche,* 931 F.2d 169, 175 (1st Cir. 1991)

2nd
*United States ex rel Petrushansky v. Marasco,* 325 F.2d 562, 567 (2d Cir. 1963), *cert. denied,* 376 U.S. 952 (1964)
*Messina v. United States,* 728 F.2d 77, 80 (2d Cir. 1984)

3rd
*Matter of Extradition of Singh,* 124 F.R.D. 571, 576 (D.N.J. 1987)

6th
*Matter of Demjanjuk,* 603 F. Supp. 1463, 1464 (N.D. Ohio 1984)

11th
*United States v. Fernandez-Morris,* 99 F. Supp. 2d 1358, 1366 (S.D. Fla. 1999)

[bb] **Error! Main Document Only.A variance between the charges pending in the foreign state and complaint is not a defense**

1st
*Ex parte Zetner,* 188 F. 344, 347 (D. Mass. 1910) (the difference in dates in the complaint and the matter of evidence is immaterial)

2nd
*Matter of Tang Yee-Chun,* 674 F. Supp. 1058, 1069 (S.D.N.Y. 1987) (the minimal requirements of the government's complaint were met, and lack of a "formal" complaint is not a bar for extradition)

7th
*Ex parte Schorer,* 197 F. 67, 79 (D. Wis. 1912) (strict technicalities of criminal procedure should not trump fulfilling our treaty obligations)

8th
*In re Edmonson,* 352 F. Supp. 22, 24-25 (D. Minn. 1972) ("The government correctly contends that the precision required in a strictly criminal proceeding is not required in extradition matters and that minor variances in technical definition of the crime are not fatal.")

cc **Error! Main Document Only.Fugitive cannot introduce evidence that conflicts with the evidence submitted by the requesting state**

**Error! Main Document Only.3[rd]**
*Hoxha v. Levi*, 465 F.3d 554, 561 (3d Cir. 2006)

4th
*Ordinola v. Hackman*, 478 F.3d 588, 608 (4th Cir. 2007), *cert. pending,* No-06-11518 (May 23, 2007)

dd **Fugitive cannot introduce evidence of an alibi as a defense**

**Error! Main Document Only.2[nd]**
*Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2d Cir. 1973), *cert. dismissed,* 414 U.S. 884 (1973)

5th
*Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969), *cert. denied,* 398 U.S. 903 (1970)

7th
*Eain v. Wilkes*, 641 F.2d 504, 512 (7th Cir. 1981), *cert. denied,* 454 U.S. 894 (1981)

8th
*United States v. Wiebe*, 733 F.2d 549, 553 n. 4 (8th Cir. 1984)

9th
*Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978), *cert. denied,* 439 U.S. 932 (1978)

ee **Fugitive cannot introduce evidence that sets up insanity as a defense**

**Error! Main Document Only.Supreme Court**
*Collins v. Loisel*, 259 U.S. 309, 317 (1922)

1st
*Romeo v. Roache*, 820 F.2d 540, 543 (1st Cir. 1987)

5th
*Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969), *cert. denied,* 398 U.S. 903 (1970)

9th
*Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978), *cert. denied,* 439 U.S. 932 (1978)

ff **Error! Main Document Only.Fugitive cannot introduce evidence that impeaches the credibility of the requesting country's witness**

**Error! Main Document Only.2nd**
*Shapiro v. Ferrandina*, 478 F.2d 894, 904-905 (2d Cir. 1973) (judge did not error in not allowing witness testimony on behalf of the fugitive because the testimony would have contradicted not explained)**,** *cert. dismissed,* 414 U.S. 884 (1973)

7th

*Eain v. Wilkes*, 641 F.2d 504, 511 (7th Cir. 1981) ("An accused in an extradition hearing has no right to contradict the demanding country's proof or to pose questions of credibility as in an ordinary trial, but only to offer evidence which explains or clarifies that proof."), *cert. denied*, 454 U.S. 894 (1981)

### ᵍᵍ Motives of the requesting country is not a matter for the court to consider

1st

*Koskotas v. Roche*, 931 F.2d 169, 173 (1st Cir. 1991) ("United States courts, including our own, generally have held that the motives of the requesting government, and the procedures and treatment awaiting the relator upon extradition, are matters for the Executive Branch rather than the Judicial Branch.")

2ⁿᵈ

*In re Mackin*, 668 F.2d 122, 133 (2d Cir. 1981) (a court should not "probe the motives of a requesting governent")

5th

*Garcia-Guillern v. United States*, 450 F.2d 1189, 1192 (5th Cir. 1971) ("status of the offense committed, whether a political offense or not, is to be determined by the circumstances attending the alleged crime at the time of its commission and not by the motives of those who subsequently handle the prosecution."), *cert. denied*, 405 U.S. 989 (1972)

7ᵗʰ

*Laubenheimer v. Factor*, 61 F.2d 626, 628 (7th Cir. 1932) ("would indeed be incongruous, and tend toward incalculable mischief and complication, to accord to the various courts of the land power to inquire into and to pass upon the motives and conduct of foreign countries in their treaty relations with this country – a function peculiarly within the province of the state department of our government, and indeed made so by statute."), *cert. granted*, 289 U.S. 713 (1993)
*Eain v. Wilkes*, 641 F.2d 504, 516 (7th Cir. 1981) ("The government stresses that courts have refused to look at the requesting country's motives to determine if extradition for a common crime is sought merely as a subterfuge for trying an individual for political crimes, even in the presence of an express provision of the treaty, such as the one in the Treaty before us."), *cert. denied*, 454 U.S. 894 (1981)

### ʰʰ Error! Main Document Only.Courts should not investigate the requesting country's criminal justice system when making a determination to "certify the sufficiency of the evidence"

### Error! Main Document Only.Supreme Court
*Glucksman v. Henkel*, 221 U.S. 508, 512 (1911) ("We are bound by the existence of an extradition treaty to assume that the trial will be fair.")

1st

*United States v. Lui Kin-Hong*, 110 F.3d 103,110 (1st Cir. 1997) ("the Secretary may also elect to use diplomatic methods to obtain fair treatment for the relator."; "The United States has, for example, imposed conditions as to the type of trial the relator would receive ( e.g., in civil, rather than martial law, court) and as to security arrangements for the relator.")

2nd

*Jhirad v. Ferrandina*, 536 F.2d 478, 484-485 (2d Cir. 1976) ("It is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation."), *cert. denied*, 429 U.S. 833 (1979)
*Sindona v. Grant*, 619 F.2d 167, 174-175 (2d Cir. 1980) (a judge need not divine the motives of the requesting country's prosecutors)

3rd
*In re Singh*, 123 F.R.D. 127, 130 (D.N.J. 1987)

5th
*Garcia-Guillern v. United States*, 450 F.2d 1189, 1192 (5th Cir. 1971) ("With respect to appellant's contention that upon his return to Peru he will be charged with, and tried for, other crimes distinct and unrelated to the offense with which he is now charged, we are not at liberty to speculate that the Republic of Peru will not recognize and live up to the obligations subsisting between it and the United States. Neither are we permitted to inquire into the procedure which awaits the appellant upon his return. Such matters, so far as they may be pertinent, are left to the State Department, which ultimately will determine whether the appellant will be surrendered to the Peruvian Government."), *cert. denied*, 405 U.S. 989 (1972)

*D.C.*
*Holmes v. Laird*, 459 F.2d 1211, 1219 (D.C. Cir. 1972)  (claim that foreign justice system did not comport with American due process irrelevant) , *cert. denied*, 409 U.S. 869 (1972)

**" Error! Main Document Only.Reasons for the extradition request and potential repercussions if the fugitive is extradited are not for the court to consider**

Supreme Court
*Kelly v. Griffin*, 241 U.S. 6, 15 (1916) ("We assume, of course, that the government in Canada will respect the convention between the United States and Great Britain, and will not try the appellant upon other charges than those upon which the extradition is allowed.")

4th
*Collier v. Vaccaro*, 51 F.2d 17, 21 (4th Cir. 1931) ("We cannot assume that a friendly government, in violation of article III of the Treaty of July 12, 1889 (26 Stat. 1509), would try the accused on any other charge than that for which he was surrendered to be tried.")

5th
*Garcia-Guillern v. United States*, 450 F.2d 1189, 1192 (5th Cir. 1971) (stating "with respect to appellant's contention that upon his return to Peru he will be charged with, and tried for, other crimes distinct and unrelated to he offenses with which he is now charged, we are not at liberty to speculate that the Republic of Peru will not recognize and live up to the obligations subsisting between it and the United States"), *cert. denied*, 405 U.S. 989 (1972)